IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARKETA WRIGHT, | : | |
| | : | |
| Movant/Defendant, | : | Civ. Act. No. 13-2060-LPS |
| | : | Cr. Act. No. 11-71-2-LPS |
| v. | : | Civ. Act. No. 13-2059-LPS |
| | : | Cr. Act. No. 12-33-LPS |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent/Plaintiff. | : | |

_____

Marketa Wright, *Pro se* Movant.

Lesley F. Wolf, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Attorney for Respondent.

_____

**MEMORANDUM OPINION**

March 27, 2017
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Marketa Wright ("Movant") filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (D.I. 101 in Crim. Act. No. 11-71-2-LPS; D.I. 9 in Crim. Act. No. 12-33-LPS) The United States Government ("Government") filed an Answer in Opposition. (D.I. 110 in Crim. Act. No. 11-71-2-LPS; D.I. 15 in Crim. Act. No. 12-33-LPS) For the reasons discussed, the Court will deny Movant's § 2255 Motion as time-barred by the one-year limitations period prescribed in 28 U.S.C. § 2255(f) without holding an evidentiary hearing.

## II. BACKGROUND

On June 5, 2012, Movant pled guilty to: (1) four counts of the Indictment in Crim. Act. No. 11-71-LPS, charging her with conspiracy to commit bank fraud, bank fraud, social security fraud, and aggravated identity theft; and (2) three counts of the Felony Information in Crim. Act. No. 12-33-LPS, charging her with conspiracy to file fraudulent tax returns, identity theft, and misuse of a social security number. (D.I. 67 in Crim. Act. No. 11-71-2-LPS; D.I. 2 in Crim. Act. No. 12-33-LPS) On September 13, 2012, the Court sentenced Movant to a total of fifty-four months of imprisonment, twenty-four of which were mandatory for Movant's conviction for aggravated identity theft. The judgment was entered on September 18, 2012. (D.I. 86 in Crim. Act. No. 11-71-2-LPS; D.I. 7 in Crim. Act. No. 12-33-LPS) Movant did not appeal.

Movant filed the instant § 2255 Motion in December, 2013. (D.I. 101 in Crim. Act. No. 11-71-2-LPS; D.I. 9 in Crim. Act. No. 12-33-LPS) The sole ground in the Motion asserts that defense counsel provided ineffective assistance by failing to object to the guideline enhancement for fifty or more victims. The Government filed an Answer in Opposition to Movant's § 2255 Motion, arguing that the Motion should be dismissed as time-barred. (D.I. 100 in Crim. Act. No. 11-71-2-LPS; D.I. 15 in Crim. Act. No. 12-33-LPS) Movant also filed a Motion to Consolidate her § 2255 proceeding

with her co-defendant husband's § 2255 proceeding. (D.I. 94 in Crim. Act. No. 11-71-2-LPS; D.I. 8 in Crim. Act. No. 12-33-LPS)

### III.   MOTION TO CONSOLIDATE

In her Motion to Consolidate, Movant seeks to consolidate her § 2255 proceeding with her co-defendant husband Diwann Mathis' ("Mathis") § 2255 proceeding (D.I. 99 in Crim. Act. No. 11-71-1-LPS) because she and Mathis are seeking to vacate their judgments in Crim. Act. No. 11-71-LPS on the same ground and they are seeking identical relief (D.I. 94 in Crim. Act. No. 11-71-2-LPS). After reviewing Movant's § 2255 Motion, Mathis' § 2255 Motion, and the Government's Answer in Opposition, the Court concludes that consolidating Movant's § 2255 Motion with Mathis' § 2255 Motion would be inappropriate. As explained below, the Court concludes that Movant's § 2255 Motion is time-barred. In contrast, however, according to the Government's Response in Mathis' § 2255 proceeding, Mathis' § 2255 Motion is not time-barred and must be reviewed on the merits. (D.I. 112 in Crim. Act. No. 11-71-1-LPS) Accordingly, the Court will deny the Motion to Consolidate.

### IV.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation on the filing of a § 2255 motion by federal prisoners. *See* 28 U.S.C. § 2255. The one-year limitations period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The one-year limitations period is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645-46 (2010) (equitable tolling applies in § 2254 proceedings); *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 619 n.1 (3d Cir. 1998) (explaining that one-year limitations period set forth in § 2255 is also subject to equitable tolling).

  Since Movant does not allege, and the Court cannot discern, any facts triggering the application of § 2255(f)(2), (3), or (4), the one year limitations period began to run when Movant's conviction became final under § 2255(f)(1). Here, Movant's judgment of conviction was entered on September 18, 2012, and she did not appeal. Consequently, her conviction became final on October 2, 2012, the date on which the fourteen-day period for filing an appeal expired. *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). To comply with the one-year limitations period, Movant had to file her § 2255 Motion no later than October 2, 2013. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005) (holding that Federal Rule of Civil Procedure 6(a), (e) applies to federal habeas petitions). Movant did not file the instant § 2255 Motion until November 26, 2013,[1] more than 50 days after the expiration of the filing deadline. Therefore, Movant's § 2255 Motion must be dismissed as time-barred, unless equitable tolling is available.

  The one-year limitations period may tolled for equitable reasons only if a movant demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 648-49. Equitable tolling is not available where the late filing is due to a movant's excusable neglect. *See Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004); *Miller*, 145 F.3d at 618-19. Consistent with these principles,

---

[1] Pursuant to the prison mailbox rule, the Court adopts the date on the Motion – November 26, 2013 -- as the date of filing. *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) ("a *pro se* prisoner's habeas petition is deemed filed at the moment he delivers it prison officials for mailing . . .").

3

the Third Circuit has specifically limited equitable tolling of § 2255's limitations period to the following circumstances:

      (1) where the defendant actively misled the plaintiff;
      (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
      (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999).

Here, Movant asserts that equitable tolling is warranted because she needed Mathis' help to prepare her § 2255 Motion due to her lack of legal knowledge, yet such help was delayed as a result of prison restrictions on inmate communications. (D.I. 101-1 at 6, 8 in Crim. Act. 11-71-2-LPS; D.I. 9-1 at 6, 8 in Crim. Act. 12-33-LPS) This argument is unavailing. A movant's lack of legal knowledge does not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004). In addition, Movant fails to demonstrate how the delayed communication with Mathis or prison restrictions on inmate communications actually prevented her from timely filing a § 2255 motion. Thus, because the doctrine of equitable tolling is not available to Movant on the facts she has presented, the Court will deny the instant Motion as time-barred.

## V. EVIDENTIARY HEARING

A district court is not required to hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255 if the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. As previously discussed, the record conclusively demonstrates that Movant is not entitled to relief under § 2255. Therefore, an evidentiary hearing is not warranted.

## VI. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2255 motion must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is

4

appropriate only if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that it must dismiss Movant's § 2255 Motion as time-barred, and is persuaded that reasonable jurists would not find this assessment debatable. Therefore, the Court will not issue a certificate of appealability.

## VII.   CONCLUSION

For the foregoing reasons, the Court will dismiss Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence without an evidentiary hearing. Additionally, the Court will not issue a certificate of appealability. The Court shall issue an appropriate Order.